Alan M. Mansfield, SBN: 125998
WHATLEY KALLAS LLP
355 So. Grand Avenue, Suite 2450
Los Angeles, CA 90071

16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Phone: (310) 684-2504
      (858) 674-6641
Fax:   (855) 274-1888
Email: amansfield@whatleykallas.com

*Attorneys for Plaintiff in Slaughter*

*[Additional counsel appear on signature page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN SLAUGHTER, etc.<br><br>     Plaintiffs,<br><br>     vs.<br><br>VIRGIN SCENT, INC., D/B/A ARTNATURALS, INC., and DOES 1-10,<br><br>     Defendants.<br><br>KAILA SAIKI AND RAYMOND SAIKI, etc.,<br><br>     Plaintiffs,<br><br>     vs.<br><br>VIRGIN SCENT, INC., D/B/A ARTNATURALS, INC.,<br><br>Defendant. | Consolidated Case No.: 2:21-cv-02875-VAP-E<br><br>Assigned to the Honorable Virginia A. Phillips, Courtroom 8A<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:   August 6, 2021<br>Pretrial Conference:   Not Set<br>Trial Date:   Not Set |

1

1    1.    A.    <u>PURPOSES AND LIMITATIONS</u>

2          Discovery in this action is likely to involve production of confidential,

3    proprietary or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation may

5    be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

6    enter the following Stipulated Protective Order. The parties acknowledge that this

7    Order does not confer blanket protections on all disclosures or responses to

8    discovery and that the protection it affords from public disclosure and use extends

9    only to the limited information or items that are entitled to confidential treatment

10   under the applicable legal principles.

11         B.    <u>GOOD CAUSE STATEMENT</u>

12         This action is likely to involve trade secrets, customer and pricing lists and

13   other valuable research, development, commercial, financial, technical and/or

14   proprietary information for which special protection from public disclosure and

15   from use for any purpose other than prosecution of this action is warranted. Such

16   confidential and proprietary materials and information consist of, among other

17   things, confidential business or financial information, information regarding

18   confidential business practices, or other confidential research, development, or

19   commercial information (including information implicating privacy rights of third

20   parties), information otherwise generally unavailable to the public, or which may

21   be privileged or otherwise protected from disclosure under state or federal

22   statutes, court rules, case decisions, or common law. Accordingly, to expedite the

23   flow of information, to facilitate the prompt resolution of disputes over

24   confidentiality of discovery materials, to adequately protect information the parties

25   are entitled to keep confidential, to ensure that the parties are permitted reasonable

26   necessary uses of such material in preparation for and in the conduct of trial, to

27   address their handling at the end of the litigation, and serve the ends of justice, a

28

**STIPULATED PROTECTIVE ORDER**                    Case No. 2:21-cv-02875-VAP-E

1  protective order for such information is justified in this matter. It is the intent of
2  the parties that information will not be designated as confidential for tactical
3  reasons and that nothing be so designated without a good faith belief that it has
4  been maintained in a confidential, non-public manner, and there is good cause why
5  it should not be part of the public record of this case.

6      C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER
7           SEAL

8          The parties further acknowledge, as set forth in Section 12.3, below, that this
9  Stipulated Protective Order does not entitle them to file confidential information
10 under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed
11 and the standards that will be applied when a party seeks permission from the court
12 to file material under seal.

13         There is a strong presumption that the public has a right of access to judicial
14 proceedings and records in civil cases. In connection with non-dispositive motions,
15 good cause must be shown to support a filing under seal.  *See Kamakana v. City and*
16 *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*
17 *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*
18 *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
19 require good cause showing), and a specific showing of good cause or compelling
20 reasons with proper evidentiary support and legal justification, must be made with
21 respect to Protected Material that a party seeks to file under seal. The parties' mere
22 designation of Disclosure or Discovery Material as CONFIDENTIAL does not—
23 without the submission of competent evidence by declaration, establishing that the
24 material sought to be filed under seal qualifies as confidential, privileged, or
25 otherwise protectable—constitute good cause.

26         Further, if a party requests sealing related to a dispositive motion or trial, then
27 compelling reasons, not only good cause, for the sealing must be shown, and the
28 relief sought shall be narrowly tailored to serve the specific interest to be protected.

23

**STIPULATED PROTECTIVE ORDER**              Case No. 2:21-cv-02875-VAP-E

*See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   DEFINITIONS

2.1   Action: this pending federal lawsuit.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff), and Mark D. Kremer of Conkle, Kremer & Engel, PLC

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

24

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    Final Disposition:  The conclusion of this action by Court action (including any Court action taken as stipulated or agreed to by the parties), including the exhaustion of all appeals or the expiration of all appeal times without an appeal having been taken.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Insurance Companies:  Each insurance company, and their affiliates providing services concerning this action, to whom defendant Virgin Scent, Inc. d/b/a Artnaturals has provided notice of this Action, seeking insurance coverage for any of the claims in this Action. Nothing herein shall affect whether there is insurance coverage by any of the Insurance Companies for any of the claims in this Action.

2.11    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.13    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**STIPULATED PROTECTIVE ORDER**                    Case No. 2:21-cv-02875-VAP-E

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

The provisions of this Order shall not terminate at the Final Disposition of this action.  Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order and is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in

26

discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial for exhibits and deposition testimony used at trial unless exempted from public disclosure by an order of the Court as provided above).

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed

or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in depositions or in other pretrial proceedings, all such testimony shall be treated as "CONFIDENTIAL" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript during which a Designating Party may identify the specific portions of testimony as to which protection is sought.  At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order. Any rough transcript that is generated before receipt by Outside Counsel of Record

28

of a final transcript also shall be treated during the 30-day period as if it had been designated as "CONFIDENTIAL" in its entirety, unless otherwise agreed in writing.  After the expiration of that period, the transcript shall be treated only as actually designated.  Each party shall provide notice to all other Parties if it reasonably expects to reference Protected Material at a deposition, hearing or other proceeding so that the other parties can ensure that only authorized individuals who have signed the Acknowledgement and Agreement to be Bound attached as Exhibit A hereto are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential."

(c)     for information produced in some form other than documentary and     for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.*

29

6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is

30

reasonably necessary to disclose the information for this Action, and Mark D. Kremer;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Insurance Companies;

(e)     the court and its personnel;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

31

**STIPULATED PROTECTIVE ORDER**          Case No. 2:21-cv-02875-VAP-E

1         (j)    any mediator or settlement officer, and their supporting

2 personnel, mutually agreed upon by any of the parties engaged in settlement

3 discussions; and

4         (k)    any other person to whom the Designating Party and Receiving

5 Party and their respective Outside Counsel of Record all agree in writing or on the

6 record in advance of the disclosure to such person.

7 8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

8      <u>IN OTHER LITIGATION</u>

9      If a Party is served with a subpoena or a court order issued in other litigation

10 that compels disclosure of any information or items designated in this Action as

11 "CONFIDENTIAL," that Party must:

12         (a)    promptly notify in writing the Designating Party. Such

13 notification shall include a copy of the subpoena or court order;

14         (b)    promptly notify in writing the party who caused the subpoena or

15 order to issue in the other litigation that some or all of the material covered

16 by the subpoena or order is subject to this Protective Order. Such notification shall

17 include a copy of this Stipulated Protective Order; and

18         (c)    cooperate with respect to all reasonable procedures sought

19 to be pursued by the Designating Party whose Protected Material may be affected.

20      If the Designating Party timely seeks a protective order, the Party served with

21 the subpoena or court order shall not produce any information designated in this

22 action as "CONFIDENTIAL" before a determination by the court from which the

23 subpoena or order issued, unless the Party has obtained the Designating Party's

24 permission. The Designating Party shall bear the burden and expense of seeking

25 protection in that court of its confidential material and nothing in these provisions

26 should be construed as authorizing or encouraging a Receiving Party in this Action

27 to disobey a lawful directive from another court.

28

32

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

33

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this action.   This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.   Protected Material

34

may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

This Protective Order shall continue to be binding after Final Disposition of this Action as provided in Paragraph 4 above, except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.  Within 30 days after Final Disposition of this Action, as defined in paragraph 2.8, all documents designated as containing "CONFIDENTIAL" Information, including copies, shall be returned to the Party or Producing Party who previously produced the document, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practical in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. The Outside Counsel and Insurance Companies (including claim managers) for any defendant shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and attorney work product (including discovery information containing Confidential Information ); provided, however, that each Insurance Company's employees, and defendant's Outside Counsel, and employees of such Outside Counsel shall not disclose the portions of court papers, depositions transcript, exhibits or attorney-work product containing Confidential Information to any person except pursuant to court order or agreement with the Designating Party or Non-Party that produced the Confidential Information.  This provision does not apply to the Court or its staff.

14.   VIOLATION

1    Any violation of this Order may be punished by appropriate measures

2  including, without limitation, contempt proceedings and/or monetary sanctions.

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5    DATED: March 25, 2022            */s/ Alan M. Mansfield*
                                       Alan M. Mansfield (SBN: 125998)
6                                      WHATLEY KALLAS, LLP
7                                      355 So. Grand Avenue
                                       Suite 2450
8                                      Los Angeles, CA 90071
9
                                       16870 W. Bernardo Drive, Suite 400
10                                     San Diego, CA 92127
11                                     Phone: (310) 684-2504
                                          (858) 674-6641
12                                     Fax:   (855) 274-1888
13                                     Email: amansfield@whatleykallas.com
14
                                       Thomas Mauriello (SBN 144811)
15                                     MAURIELLO LAW FIRM
16                                     1181 Puerta Del Sol #120
                                       San Clemente, CA 92673
17                                     Phone: (949) 542-3555
18                                     Fax: (949) 606-9690
19                                     Email: tomm@maurlaw.com
20
                                       Joe R. Whatley, Jr.
21                                     (To Be Admitted Pro Hac Vice)
22                                     WHATLEY KALLAS LLP
                                       152 West 57th Street
23                                     41st Floor
24                                     New York, NY 10019
                                       Phones: (212) 447-7060
25                                     Fax: (800) 922-4851
26                                     Email: jwhatley@whatleykallas.com
27
                                       C. Nicholas Dorman (Admitted Pro
28                                     Hac Vice)

36

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHATLEY KALLAS LLP
2001 Park Place North
Suite 1000
Birmingham, AL 35203
Phone: (205) 488-1200
Fax: (800) 922-4851
Email: ndorman@whatleykallas.com
E. Kirk Wood
(To Be Admitted Pro Hac Vice)
Wood Law Firm, LLC
2001 Park Place North, Suite 1000
P. O. Box 382434
Birmingham, AL 35238
Phone:  205-612-0243
Fax:  866-579-8110
Email:  kirk@woodlawfirmllc.com

*Attorneys for Plaintiff in the Slaughter
Action*

37

1  DATED: March 25, 2022        /s/ Yeremey O. Krivoshey
                                _____
2                               Lawrence Timothy Fisher (SBN 191626)
                                Yeremey O. Krivoshey
3                               BURSOR AND FISHER PA
                                1990 North California Boulevard
4                               Suite 940
5                               Walnut Creek, CA 94596
                                Phone: (925) 300-4455
6                               Fax: (925) 407-2700
7
8                               Email: ltfisher@bursor.com
                                       ykrivoshey@bursor.com
9
10                              Max Roberts
                                Andrew Obergfell
11                              BURSOR & FISHER, P.A.
                                888 Seventh Avenue
12                              New York, NY 10019
13                              Telephone: (646) 837-7150
                                Facsimile: (212) 989-9163
14                              E-Mail: mroberts@bursor.com
15                                      aobergfell@bursor.com
                                Attorneys for Plaintiffs in Saiki Action
16
17
18  Dated: March 25, 2022        /s/ Stephanie G. Chau
                                _____
19                              Stephanie G. Chau (SBN 292699)
                                CARLTON FIELDS, LLP
20                              2029 Century Park East, Suite 1200
                                Los Angeles, CA 90067-2913
21                              Telephone:   (310) 843-6300
22                              Facsimile: (310) 843-6301
                                schau@carltonfields.com
23
24                              Attorneys for Defendant VIRGIN SCENT, INC.,
                                D/B/A ARTNATURALS, INC
25
26                                Additional Counsel:
27                              D. Matthew Allen (Pro Hac Vice)
                                David Walz (Pro Hac Vice)
28                              CARLTON FIELDS, P.A.

                                        38

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

4221W. Boy scout Blvd., Suite 100
Corporate Center Three at International
Tower
Tampa, Florida 33607-5780
Tel: (813) 223-7000
Fax: (813) 229-4133
mallen@carltonfields.com
dwalz@carltonfields.com

Lauren Greenspoon (*Pro Hac Vice*)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT 06103
Tel: (860) 392-5000
Fax: (860) 392-5058
lgreenspoon@carltonfields.com

Robert Pass
CARLTON FIELDS, P.A. (*Pro Hac Vice*)
215 S. Monroe Street, Suite 500
Tallahassee, Florida 32301
Tel: (850) 224-1585
Fax: (850) 222-0398
rpass@carltonfields.com

*Attorneys for Defendant VIRGIN SCENT, INC.,
D/B/A ARTNATURALS, INC.*

17  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

18

19  Dated: _3/25/22_                    /S/ CHARLES F. EICK

20                                  HONORABLE CHARLES F. EICK
                                    United States Magistrate Judge
21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**                    Case No. 2:21-cv-02875-VAP-E

1

Alan M. Mansfield, SBN: 125998

2

WHATLEY KALLAS LLP
355 So. Grand Avenue, Suite 2450

3

Los Angeles, CA 90071

4

16870 W. Bernardo Drive, Suite 400

5

San Diego, CA 92127

6

Phone: (310) 684-2504
            (858) 674-6641

7

Fax:      (855) 274-1888

8

Email:  amansfield@whatleykallas.com

9

*Attorneys for Plaintiff in Slaughter*

10

11

*[additional counsel appear on signature page]*

12

### UNITED STATES DISTRICT COURT

13

### CENTRAL DISTRICT OF CALIFORNIA

14

15

LAUREN SLAUGHTER, etc.

16

              Plaintiffs,

17

       vs.

18

VIRGIN SCENT, INC., D/B/A
ARTNATURALS, INC., and DOES

19

1-10,

20

              Defendants.

21

KAILA SAIKI AND RAYMOND
SAIKI, etc.,

22

              Plaintiffs,

23

       vs.

24

VIRGIN SCENT, INC., D/B/A
ARTNATURALS, INC.,

25

Defendant.

26

27

28

Consolidated Case No.:
2:21-cv-02875-VAP-E

Assigned to the Honorable Virginia A.
Phillips, Courtroom 8A

**EXHIBIT A – ACKNOWLEDGEMENT
AND AGREEMENT TO BE BOUND**

Complaint filed:     August 6, 2021
Pretrial Conference:        Not Set
Trial Date:          Not Set

40

**STIPULATED PROTECTIVE ORDER**                Case No. 2:21-cv-02875-VAP-E

I, _____ of _____declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United State District Court for the Central

District of California on _____, 2022 in *Lauren Slaughter, etc. Virgin*

*Scent, Inc. d/b/a Artnaturals, Inc. and DOES 1-10, etc.,* Consolidated Case No. 2:21-

cv-02875-VAP-E.  I agree to comply with an be bound by all terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

41

**STIPULATED PROTECTIVE ORDER**          Case No. 2:21-cv-02875-VAP-E