UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/54 (6/3)

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 21-2875 PSG (Ex) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Lauren Slaughter v. Virgin Scent, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Artnaturals's motion to stay and DENYING WITHOUT PREJUDICE Artnaturals's motion to dismiss.

Before the Court are two motions. The first is a motion to stay filed by Defendant Virgin Scent, Inc. d/b/a Artnaturals ("Artnaturals"). *See generally* Dkt. # 54 ("*Mot. I*"). Plaintiffs Lauren Slaughter, Mark Sophocles, Shelley Howe, Kaila Saiki, Jody McIntrye, Kenneth Scantlin, Donald Boorman, Mayra Duarte, Raymond Saiki, Amy Robinson, Stephanie Pinghera, and Lucas Pichardo (collectively, "Plaintiffs") opposed. *See generally* Dkt. # 57 ("*Opp.*"). Artnaturals replied. *See generally* Dkt. # 69 ("*Reply*"). The second is a motion to dismiss filed by Artnaturals. *See generally* Dkt. # 53 ("*Mot. II*"). Plaintiffs opposed, *see generally* Dkt. # 56, and Artnaturals replied, *see generally* Dkt. # 70. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** Artnaturals's motion to stay and **DENIES WITHOUT PREJUDICE** Artnaturals's motion to dismiss.

I. Background

This putative nationwide class action arises out of Artnaturals's manufacture, distribution, and sale of gel hand sanitizer that allegedly contained dangerous levels of benzene, "a carcinogenic chemical impurity that has been linked to leukemia and other cancers." *Consolidated Second Amended Complaint*, Dkt. # 30 ("*Slaughter SAC*"), ¶ 1. In March 2021, Valisure, an online pharmacy registered with the Food and Drug Administration ("FDA"), tested Artnaturals's hand sanitizer and found that it contained between 15.2 to 16.1 parts per million of benzene. *Id.* ¶¶ 8–9. That is eight times more benzene than the FDA permits even under its more relaxed COVID-19 interim policies. *Id.* ¶¶ 11, 48. Plaintiffs say that the hand sanitizer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2875 PSG (Ex) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Lauren Slaughter v. Virgin Scent, Inc., et al. | | |

they purchased is effectively worthless and that they face increased risk of cancer from benzene exposure. *Id.* ¶¶ 18–20.

On March 24, 2021, just days after Valisure published its test results, a putative class action complaint was filed against Artnaturals in the Southern District of Florida. *See generally Brodowicz v. Walmart, Inc.*, No. 21-cv-60643-RKA (the "*Brodowicz* action"). Less than two weeks later on April 2 and 5, 2021, two more putative class actions were brought against Artnaturals in the Central District of California. *See generally Slaughter v. Virgin Scent, Inc.*, No. CV 21-2875 VAP (Ex); *Saiki v. Virgin Scent, Inc.*, No. CV 21-2948 VAP (Ex). In July 2021, the *Slaughter* and *Saiki* actions were consolidated into this action. *See generally* No. CV 21-2875, Dkt. # 24 (the "*Slaughter* action"). The operative consolidated second amended complaint in the *Slaughter* action asserts 20 causes of action ranging from breach of warranty under state and federal law, to negligence and fraud, to violation of numerous states' consumer protection laws. *See generally Slaughter SAC*.

Artnaturals now moves to stay the *Slaughter* action pending the outcome of the *Brodowicz* action under the first-to-file rule. *See generally* Mot. I. In the alternative, Artnaturals moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim. *See generally* Mot. II.

II.   Discussion

Artnaturals argues that the Court should stay proceedings in the *Slaughter* action pending final resolution of the *Brodowicz* action because (A) the first-to-file rule authorizes a stay, and (B) no relevant exceptions apply. *Mot. I* 7:6–13:22. The Court addresses each argument in turn.

   A.   Stays Under the First-to-File Rule

Artnaturals says the first-to-file rule permits the Court to order a stay. *Mot. I* 13:3. The Court agrees.

Courts have "an ample degree of discretion" when applying the first-to-file rule. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)). The rule exists to promote efficiency, and courts "should be driven to maximize 'economy, consistency, and comity'" in applying it. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015). "[T]he first-to-file rule . . . allows a court to transfer, stay, or dismiss a later-filed suit in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2875 PSG (Ex) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Lauren Slaughter v. Virgin Scent, Inc., et al. | | |

deference to an earlier-filed suit." *In re Bozic*, 888 F.3d 1048, 1055 (9th Cir. 2018). To determine whether a stay is appropriate, courts consider the following factors: "[i] chronology of the lawsuits, [ii] similarity of the parties, and [iii] similarity of the issues." *Kohn L. Grp., Inc.*, 787 F.3d at 1239.

       *i.*       *Chronology of the Lawsuits*

The parties do not dispute that the *Brodowicz* action is the earlier-filed suit. The *Brodowicz* action was filed on March 24, 2021, and the cases making up the consolidated *Slaughter* action were filed on April 2 and 5, 2021. However, Plaintiffs argue that courts are "less likely to apply the first-to-file rule when the cases are filed close together." *Opp.* 10:21–11:7 (quoting *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 960 (N.D. Cal. 2020)); *see also Scholl v. Mnuchin*, 483 F. Supp. 3d 822, 827 (N.D. Cal. 2020) ("Where, as here, the cases are in their infancy and neither case has clearly expended more effort or made more progress, the rule's motivation and rationale is diminished.").

True, both the *Slaughter* and *Brodowicz* actions are in their infancy. Discovery has not commenced in either action and each has a pending motion to dismiss that will grapple with the merits for the first time. *See generally Slaughter*, No. CV 21-2875, Dkt. # 53; *Brodowicz*, No. CV 21-60643, Dkt. # 43. But in April 2022, Judge Altman issued a scheduling order in the *Brodowicz* action, ordering the case to go to trial less than one year from now. *See generally Brodowicz*, No. CV 21-60643, Dkt. # 48. The Court has yet to hold a scheduling conference in the *Slaughter* action. *See* Dkt. # 66. But the parties' requested deadlines in their joint Rule 26(f) report strongly suggest that the *Brodowicz* action will be resolved at least nine months sooner than the *Slaughter* action. *Compare Slaughter*, No. CV 21-2875, Dkt. # 50-1 (requesting a March 2023 class certification motion filing deadline and a February 2024 trial date), *with Brodowicz*, No. CV 21-60643, Dkt. # 48 (setting an October 2022 class certification motion filing deadline and an April or May 2023 trial date).

Accordingly, because the *Brodowicz* action is the earlier-filed case, and because it is likely to be resolved far sooner than the *Slaughter* action, the chronology of the lawsuits factor weighs in favor of a stay.

       *ii.*       *Similarity of the Parties*

The first-to-file rule "does not require exact identity of the parties" but they must be at least "substantially similar." *Kohn L. Grp., Inc.*, 787 F.3d at 1240. In class actions, courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2875 PSG (Ex) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Lauren Slaughter v. Virgin Scent, Inc., et al. | | |

generally "assess the similarity of the putative classes, not the class representatives." *Paracha v. Gen. Mills, Inc.*, No. CV 18-7659 CJC (JEMx), 2019 WL 13040495, at *2 (C.D. Cal. Jan. 7, 2019).

      Here, the parties in both actions are "substantially similar." Plaintiffs in the *Slaughter* action "seek to represent a class defined as all persons in the United States who purchased and used the Hand Sanitizer." *Slaughter SAC* ¶ 73. The plaintiffs in the *Brodowicz* action seek to represent an identical class—"all individuals and entities in the United States" who purchased and used Artnaturals's hand sanitizer. *First Amended Complaint*, *Brodowicz*, No. CV 21-60643, Dkt. # 1 ("*Brodowicz FAC*"), ¶ 100. Artnaturals is a defendant in both actions. And although Walmart, Inc. is named as a defendant in the *Brodowicz* action but is not a defendant in the *Slaughter* action, omitting Walmart, Inc. here does not render the parties in each action dissimilar. *See Kohn L. Grp., Inc.*, 787 F.3d at 1240 ("A contrary holding could allow a party . . . to skirt the first-to-file rule merely by omitting one party from a second lawsuit.").

      Even though both actions proceed on behalf of an identical nationwide class, Plaintiffs make much of the fact that the putative subclasses in each action are not identical. *Opp.* 11:15–21. But the subclasses are defined by reference to the states that the putative class representatives call home—rather than by any variation in misconduct or injury—so all subclasses are necessarily included in the identical nationwide class in both actions. *See Slaughter SAC* ¶¶ 74–84; *Brodowicz FAC* ¶¶ 8–10, 101. Moreover, it makes little sense to allow a later-filed putative nationwide class action to "skirt the first-to-file rule" by carefully selecting geographic subclasses different from those in an earlier-filed putative class action when both cases involve an identical nationwide class. *See Kohn L. Grp., Inc.*, 787 F.3d at 1240 ("[This] conclusion avoids awarding such gamesmanship and is consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity.").

      Accordingly, because both the *Brodowicz* and *Slaughter* actions proceed on behalf of an identical nationwide class, the parties are substantially similar, and this factor weighs in favor of a stay.

          iii.    *Similarity of the Issues*

      As with the similarity of the parties factor, the similarity of the issues factor calls for only substantial similarity. *Kohn L. Grp., Inc.*, 787 F.3d at 1240–41. The issues here readily clear that bar, as they are nearly identical. The complaints in the *Brodowicz* action and the instant case each allege that Artnaturals manufactured, distributed, and sold hand sanitizer that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2875 PSG (Ex) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Lauren Slaughter v. Virgin Scent, Inc., et al. | | |

contained "dangerously high levels of benzene" and failed to disclose this fact to consumers. *See Brodowicz FAC* ¶ 1; *Slaughter SAC* ¶¶ 1, 13. Based on these relatively straightforward facts, both cases assert nearly identical causes of action: breach of express warranty, *Brodowicz FAC* ¶¶ 111–21; *Slaughter SAC* ¶¶ 94–98, breach of implied warranty, *Brodowicz FAC* ¶¶ 122–33; *Slaughter SAC* ¶¶ 99–110, violation of the Magnuson-Moss Warranty Act, *Brodowicz FAC* ¶¶ 134–41; *Slaughter SAC* ¶¶ 111–16, fraud, *Brodowicz FAC* ¶¶ 142–54; *Slaughter SAC* ¶¶ 125–32, violation of multiple states' consumer protection laws, *Brodowicz FAC* ¶¶ 168–80; *Slaughter SAC* ¶¶ 133–281, negligence and negligence per se, *Brodowicz FAC* ¶¶ 181–201; *Slaughter SAC* ¶¶ 282–304, and medical monitoring, *Brodowicz FAC* ¶¶ 202–16; *Slaughter SAC* ¶¶ 305–20. The only difference is that the *Brodowicz* plaintiffs assert a negligent misrepresentation claim that the *Slaughter* Plaintiffs do not. *See Brodowicz FAC* ¶¶ 155–67.

Despite these overwhelming similarities, Plaintiffs claim that staying the instant case would permit Artnaturals to avoid California-specific consumer protection laws, which Plaintiffs insist can be maintained in only the *Slaughter* action where California law could be applied nationwide. *Opp.* 14:1–7. But Plaintiffs do not explain why the same could not be true for the *Brodowicz* action, which asserts the same violations of California consumer protection laws. *See Brodowicz FAC* ¶¶ 170(e)–(g). Florida courts resolve conflict of laws questions using the "most significant relationship test." *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Under this test, "the single most important contact" is the "principal location of the *defendant's* conduct." *Id.* at 1241. In other words, because Plaintiffs allege that all of Artnaturals's "manufacturing, shipping, advertising and promotion . . . tak[es] place in California," *Slaughter SAC* ¶ 34, there is a colorable argument that California law could apply to the nationwide class in the *Brodowicz* action as well. And even if Plaintiffs ultimately find themselves as part of a nationwide class that does not apply the state law of their preference, they remain free to opt out to pursue their claims as they see fit. *See* Fed. R. Civ. P. 23(c)(2)(B)(v). Plaintiffs still make much of the fact that Artnaturals has moved to dismiss many state law claims in the *Brodowicz* action—including those based on California law—for lack of standing because the putative class representatives lack any connection to states where they do not reside. *Opp.* 13:3–14, 14:1–8. Without speculating as to the merits of that argument, it does not change the *present* reality that the factual and legal issues raised in both cases are almost identical.

Accordingly, the issues in both the *Brodowicz* and *Slaughter* actions are substantially similar, and this factor also weighs in favor of a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2875 PSG (Ex) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Lauren Slaughter v. Virgin Scent, Inc., et al. | | |

B. Exceptions to the First-to-File Rule

Artnaturals argues that no exception to the first-to-file rule applies. *Mot. I.* 13:5–22. The Court agrees.

The Ninth Circuit has carved out limited exceptions to the first-to-file rule applicable when there is evidence of bad faith, anticipatory suit filing, or forum shopping. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Plaintiffs offer three reasons why the first-to-file rule should not apply even if a stay is technically appropriate.

First, Plaintiffs say that the forum shopping exception to the first-to-file rule should apply. *Opp.* 9:18–10:9. Plaintiffs take issue with Artnatural's "tactical decision" to seek a stay in the *Slaughter* action rather than transferring the *Brodowicz* action to the Central District of California. *Id.* 3:21–26. This, they say, "reeks of forum shopping." *Id.* That argument might carry some weight if Artnaturals were seeking to transfer this case to another district with more favorable applicable laws. But both the *Brodowicz* and *Slaughter* actions purport to represent a nationwide class and assert claims under multiple states' laws. As such, the Court fails to see how forum shopping is a concern, particularly where, as here, neither putative nationwide class seeks to apply a single state's law to the entire class.

Second, although not actually an exception to the first-to-file rule, Plaintiffs say that the Court should deny the stay because the Central District of California is a more convenient forum. *Opp.* 6:3–9:17. Specifically, Plaintiffs claim that the factors courts ordinarily consider when moving to transfer venue under 28 U.S.C. § 1404 (1) dictate that the first-to-file rule should not apply in this case, and (2) require that the Court consider whether venue even properly lies in the Southern District of Florida. *See id.* 8:4–21. Again, while those considerations may be relevant if Artnaturals were seeking to transfer the *Slaughter* action under the first-to-file rule, Artnaturals is seeking only a stay in the proceedings here. The Ninth Circuit has made clear that, ordinarily, this type of "forum non conveniens argument should be addressed to the court in the first-filed action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982). As such, the Court sees no reason why the § 1404 factors or the propriety of venue in the Southern District of Florida have any bearing on the requested stay here.

Third, although also not actually an exception to the first-to-file rule, Plaintiffs argue that the Court should consider the *Landis* factors in addition to the first-to-file rule factors. *Opp.* 15:2–17:15 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Plaintiffs cite no authority to suggest that this is necessary, and the Court has found none. A *Landis* stay can apply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2875 PSG (Ex) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Lauren Slaughter v. Virgin Scent, Inc., et al. | | |

regardless of whether the parties or issues in a different action are similar and is primarily focused on judicial economy and hardship to the parties. *See Landis*, 299 U.S. at 254–55. The first-to-file rule sets a somewhat higher bar—i.e., requiring similar parties and issues—and yet still accounts for many of *Landis*'s practical considerations either in the rule itself or its exceptions. *See Kohn L. Grp.*, 787 F.3d at 1240 ("When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'"). As such, the Court sees no reason to engage in a largely duplicative *Landis* stay inquiry. *See Metoyer v. Tween Brands, Inc.*, No. EDCV 15-1007 GHK (DTBx), 2015 WL 13908304, at *2–4 (C.D. Cal. Nov. 4, 2015) (reaching the same conclusion under both the *Landis* and first-to-file factors but explaining that either rule was independently sufficient to grant the requested stay).

Accordingly, because all three first-to-file rule factors weigh in favor of a stay and no relevant exception applies, the Court **GRANTS** Artnaturals's motion to stay the proceedings pending final resolution of the *Brodowicz* action.

III. Conclusion

For the foregoing reasons, the Court **GRANTS** Artnaturals's motion to stay and **DENIES WITHOUT PREJUDICE** Artnaturals's alternative motion to dismiss under Rules 12(b)(1) and 12(b)(6). This order administratively closes the case. Either party may apply ex parte to reopen the case after final resolution of the *Brodowicz* action.

**IT IS SO ORDERED.**